UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

MARIA CORREA,

                Plaintiff,

-against-

YRC WORLDWIDE INC., YRC FREIGHT and JOHN DOE, a fictitious name representing the Identity of an individual whose identity is not Presently known,

                Defendants.

**PETITION FOR REMOVAL**

Supreme Court
Queens County
Index No: 702812/2019

Docket No:
19cv3808

---

TO: JUDGES OF THE UNITED STATES DISTRICT COURT
     FOR THE EASTERN DISTRICT OF NEW YORK

The Petition of Paul J. Felicione, Esq. respectfully shows, as follows:

    1.    The undersigned is a partner in the office of DESENA & SWEENEY, LLP, attorneys of record for defendants YRC Worldwide Inc. and YRC Inc. d/b/a YRC Freight i/s/h/a YRC Freight in the above-entitled action now pending in the Supreme Court of the State of New York, County of Queens.

    2.    That the causes of action as set forth in the Verified Complaint (annexed hereto) seek money damages for personal injuries in connection with a motor vehicle accident that occurred in Queens County, New York on August 17, 2017.

3. It is alleged that the defendants were negligent and reckless in the ownership, operation, maintenance, and control of a motor vehicle.

4. Plaintiff MARIA CORREA is a citizen of Nassau County, New York as per the Summons (annexed hereto).

5. Defendants YRC Worldwide Inc. and YRC Inc. d/b/a YRC Freight i/s/h/a YRC Freight are separate Delaware Corporations whose principal places of business are in Overland Park, Kansas (Johnson County).

6. The citizenship of defendant "John Doe" is disregarded for purposes of diversity jurisdiction, pursuant to 28 USC 1441(b)(1).

7. Defendants previously filed and served a Notice and Petition for Removal in this matter under docket number 19-cv-1564 on March 19, 2019. The matter was thereafter remanded to Supreme Court, Queens County, for plaintiff's failure to sufficiently plead information to satisfy the "amount in controversy" requirement for diversity jurisdiction.

8. On June 17, 2019, plaintiff responded to defendant's Demand for Damages and has affirmatively alleged damages in the amount of $1,000,000. A copy of plaintiff's response to demand for damages is annexed hereto.

9. As such, this action may be removed to this Court by the defendants pursuant to 28 U.S.C Section 1332(a) since the plaintiff's action is a civil action where the amount in controversy exceeds the sum of $75,000.00 exclusive of interest and costs, and is between citizens of different states.

10. As the citizens amongst the defendants (Delaware/Kansas) and plaintiff (New York) establish complete diversity of citizenship and the amount in controversy exceeds $75,000.00 exclusive of costs and interest, the defendants desire to remove this action from the Supreme Court of the State of New York, County of Queens, to the United States District Court for the Eastern District of New York.

**WHEREFORE**, defendants YRC Worldwide Inc. and YRC Inc. d/b/a YRC Freight i/s/h/a YRC Freight pray that the action now pending against them in the Supreme Court of the State of New York, County of Queens be removed to this Court.

Dated: Bohemia, New York
July 1, 2019

TO:

| | |
|---|---|
| Law Offices of Michael H. Joseph, P.L.L.C.<br>Counsel for Plaintiff<br>203 East Post Road<br>White Plains, New York 10601<br>(914) 574-8330 – phone<br>(914) 358-5379 - fax | **DESENA & SWEENEY, LLP**<br>Attorneys for Defendants<br>YRC Worldwide Inc. and YRC Inc. d/b/a<br>YRC Freight i/s/h/a YRC Freight<br><br>BY: PAUL J. FELICIONE, ESQ. (PF-7795)<br>1500 Lakeland Avenue<br>Bohemia, New York 11716<br>(631) 360-7333-phone<br>(631) 360-3763-facsimile |

FILED: QUEENS COUNTY CLERK 02/15/2019 02:02 PM
NYSCEF DOC. NO. 1

INDEX NO. 702812/2019
RECEIVED NYSCEF: 02/15/2019

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

MARIA CORREA,

                Plaintiff(s),

Index No.: 702812/2019

-against-

YRC WORLDWIDE INC., YRC FREIGHT and
JOHN DOE, a fictitious name representing the
Identity of an individual whose identity is not presently
known

                Defendant(s).

## SUMMONS IN A CIVIL ACTION

To the above named Defendants:

**YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer on the Plaintiff/Plaintiff's Attorney(s) within twenty (20) days after service of this summons, exclusive of the day of service, where service is made upon you personally within the state, or within thirty (30) days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: White Plains, New York
       February 15, 2019

                              Yours etc.,

                              LAW OFFICE OF MICHAEL H. JOSEPH, P.L.L.C.

                              BY:
                              Michael H. Joseph, Esq.
                              203 East Post Road
                              White Plains, New York 10601
                              Tel: (914) 574 8330
                              Fax: (914) 358-5379

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

---

MARIA CORREA,

                Plaintiff(s),

  -against-

YRC WORLDWIDE INC., YRC FREIGHT and
JOHN DOE, a fictitious name representing the
Identity of an individual whose identity is not presently
known

                Defendant(s).

Index No.: 702812/2019

---

## VERIFIED COMPLAINT

Plaintiff by and through her undersigned attorney, complains of the defendants, as follows:

1. Plaintiff, Maria Correa (hereinafter "Plaintiff") is and at all times relevant herein was a resident of the State of New York and currently resides in Nassau County.

2. Defendant, YRC Freight, ("hereinafter "Freight") at all times material to this complaint, was and is a foreign corporation authorized to transact business in the state of New York.

3. Defendant Freight at all times material to this complaint, was and is a foreign unincorporated business entity that was authorized to do business in the State of New York.

4. YRC Worldwide Inc., (Hereinafter "YRC") at all times material to this complaint, was and is a foreign corporation authorized to transact business in the state of New York.

5. John Doe is a fictitious name representing the identity of an individual whose present identity is not presently known.

6. On or about August 17, 2017 at approximately 9:30 a.m., and at all times relevant herein John Doe was employed by Freight and was acting in the course and scope of his employment.

7. On or about August 17, 2017 at approximately 9:30 a.m., and at all times relevant herein John Doe was employed by YRC and was acting in the course and scope of his employment.

8. At all relevant times, Maria Correa was the operator of an automobile bearing New York State license plate number GRF 2336. (Hereinafter "Vehicle 1").

9. On or about August 17, 2017 at approximately 9:30 a.m., defendant, Freight was the owner of a truck, whose license plate is presently unknown, a photograph of which is attached hereto as exhibit 1, (Hereinafter " the truck"), both at common law and as that term is defined by Vehicle and Traffic Law § 388.

10. On or about August 17, 2017 at approximately 9:30 a.m. defendant, YRC was the owner of the truck, both at common law and as that term is defined by Vehicle and Traffic Law § 388.

11. On or about August 17, 2017 at approximately 9:30 a.m. defendant John Doe was operating the truck within the course and scope of his employment and with the permission of its owner.

12. On or about at about August 17, 2017 at about 9:30 am Plaintiff was operating vehicle 1 on Atlantic Ave, in the vicinity of 90-02 Atlantic Avenue, in Richmond Hill, County of Queens, State of New York

FILED: QUEENS COUNTY CLERK 02/15/2019 02:02 PM
NYSCEF DOC. NO. 1

INDEX NO. 702812/2019
RECEIVED NYSCEF: 02/15/2019

13. On or about August 17, 2017 at about 9:30 am, and at all times relevant herein, Defendant, John Doe was operating the truck on Atlantic Avenue in the vicinity of 90-02 Atlantic Avenue, in Richmond Hill, County of Queens, State of New York.

14. On or about August 17, 2017 at about 9:30 am, and at all times relevant herein, Atlantic Avenue in the vicinity of 90-02 Atlantic Avenue, in Richmond Hill, County of Queens, State of New York, was and is a public thoroughfare and was travelled over as such.

15. At the aforementioned, time, date and place, Defendants were negligent, careless and reckless in their ownership, operation and control of the truck, in that among other things, John Doe failed to keep a proper lookout, failed to operate the truck, in a reasonable and prudent manner, failed to make timely use of the brakes, failed to keep the vehicle under proper control, failed to avoid the accident from occurring and otherwise failed to follow the applicable sections of the Vehicle and Traffic Law.

16. On said date and at said time, the truck collided with Vehicle 1, and then fled the scene of the accident

17. As a result of the aforesaid collision, plaintiff was severely injured.

18. Plaintiff's injuries were caused solely and wholly by and through the carelessness negligence and recklessness of the defendant, in that he operated said vehicle negligently, carelessly, and recklessly, and unlawfully in that the motor vehicles operated came into violent contact, causing plaintiffs to sustain the serious injuries more specifically set forth hereunder.

19. Plaintiff's injuries were caused solely and wholly by and through the carelessness negligence and recklessness of the defendants, in that, among other things, they operated and/or controlled the truck in a negligent, reckless and careless manner and at an

FILED: QUEENS COUNTY CLERK 02/15/2019 02:02 PM
NYSCEF DOC. NO. 1
INDEX NO. 702812/2019
RECEIVED NYSCEF: 02/15/2019

excessive rate of speed under the circumstances; in that defendants failed to keep their truck under proper control; in that defendants failed to operate the truck in a reasonable and prudent manner, in that defendants failed to keep proper look out, so as to avoid the happening of this accident; in that defendants failed to have due regard for other vehicles and drivers on the road; in that they failed to take proper consideration and make appropriate adjustment for other vehicles on the road; in that defendant violated the applicable statutes and ordinances of the State of New York and the subdivisions thereof including but not limited to the vehicle and traffic law.

20. Said collision and the resulting serious personal injuries sustained by plaintiff were due to the negligence and recklessness of defendant in the ownership, operation, maintenance and control of vehicle 2.

21. Plaintiff has sustained a "serious injury" as defined by Section 5102 (d) of the Insurance Law of the State of New York, and has further suffered economic loss greater than basic economic loss as defined in Section 5102 (a) of the Insurance Law of the State of New York.

22. As a result of the aforesaid, Plaintiff sustained serious personal injuries and has been rendered sick, sore lame and disabled and have suffered and continue to suffer great pain and anguish and has been disabled and on information and belief continues to be disabled; the full extent of which is not yet known, she sustained severe injury and shock to her wrist, hand, back, neck, nerves and nervous systems, muscles, tendons, ligaments and cartilage; she has and in the past require and will in the future require medical treatment, care and attention; has in the past been and will in the future be obliged to expend monies and incur obligations for medical care, attention and treatment of her

FILED: QUEENS COUNTY CLERK 02/15/2019 02:02 PM
NYSCEF DOC. NO. 1

INDEX NO. 702812/2019
RECEIVED NYSCEF: 02/15/2019

injuries and the necessary incidents thereof, and on information and belief, some of such injuries are permanent.

23. Plaintiff has in the past been, presently are, and will in the future, continue to be incapacitated from pursuing her usual duties, occupations, vocations, avocations, hobbies and/or recreational pursuits.

24. Freight is vicariously liable for the acts and omissions of its employee John Doe.

25. YRC is vicariously liable for the acts and omissions of its employee John Doe.

26. Freight is liable for the acts and omissions of John Doe, pursuant to V.T.L. § 388.

27. YRC is liable for the acts and omissions of John Doe, pursuant to V.T.L. § 388.

28. The claim comes within one of the exceptions of Article 16 of the CPLR, Section 1602.

29. The amounts sought herein exceed the jurisdictional limitations of all lower courts.

WHEREFORE, plaintiff prays that judgment be entered against the Defendants in favor of Plaintiff for an amount to be determined by the trier of fact, together with costs, disbursements and interest.

Dated: White Plains, N.Y.
February 15, 2019

Yours etc,

LAW OFFICE OF MICHAEL H. JOSEPH, P.L.L.C.

BY: _____
Michael H. Joseph, Esq.
203 East Post Road
White Plains, New York 10601
Tel: (914) 574 8330
Fax: (914) 358-5379



FILED: QUEENS COUNTY CLERK 02/15/2019 02:02 PM
NYSCEF DOC. NO. 1

INDEX NO. 702812/2019
RECEIVED NYSCEF: 02/15/2019

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

---

MARIA CORREA,

       Plaintiff(s),

                Index No.: 702812/2019

-against-

YRC WORLDWIDE INC., YRC FREIGHT and
JOHN DOE,

       Defendant(s).

---

## VERIFICATION

  I, Michael H. Joseph, Esq., the undersigned, an attorney admitted to practice in the State of New York, state that I am an associate of the LAW OFFICE OF MICHAEL H. JOSEPH, P.L.L.C. attorneys of records for Plaintiff in the within action; I have read the foregoing **VERIFIED COMPLAINT** and know the contents thereof; the same are true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matter I believe them to be true. The reason this verification is made by me and not by Plaintiff is because the Plaintiff currently is not in the county in which my office is located.

  The grounds of my belief as to all matters not stated upon my own knowledge are the reports, records, memoranda in my file together with my own investigation.

  I affirm that the foregoing statements are true, under the penalties of perjury.

Dated: White Plains, New York,
   February 15, 2019

                      _____
                      Michael H. Joseph, Esq.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

---

MARIA CORREA,

               Plaintiff(s),

      -against-

YRC WORLDWIDE INC., YRC FREIGHT and
JOHN DOE,

               Defendant(s).

Index No.: 702812/2019

---

## PLAINTIFFS RESPONSE TO DEFENDANTS NOTICE FOR STATEMENT OF MONETARY DAMAGES PURSUANT TO CPLR SEC. 3017 (C)

Plaintiff responds to defendants demands as follows:

1. A statement setting forth the monetary amount of damages claimed for each and every cause of action in the Complaint: $1,000,000.00

Dated: White Plains, NY
       June 17, 2019

                      Yours etc.,

                      LAW OFFICE OF MICHAEL H. JOSEPH, P.L.L.C.

BY: _____
                  Michael H. Joseph, Esq.
                  203 East Post Road
                  White Plains, New York 10601
                  Tel: (914) 574-8330
                  Fax: (914) 358-5379